UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA

    -against-                                    **MEMORANDUM & ORDER**

MICHAEL BROWN,                           07-CR-874 (KAM)

              Defendant.

----------------------------------X

**MATSUMOTO**, United States District Judge:

        Defendant Michael Brown is charged in a February 2009 superseding indictment ("Indictment") with, inter alia, one count of conspiring, between May 2006 and December 2007, to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iii). (Indictment, Count 1.) Pending before the court is Defendant Brown's pro se motion for reconsideration (Doc. No. 298) of the court's February 26, 2009 denial (Doc. No. 285) of Brown's February 23, 2009 pro se motion (Doc. No. 272).

        In his February 23, 2009 motion, Defendant Brown argued that, because the indictment identifies the controlled substance with regard to the conspiracy charge in Count 1, the indictment contains surplusage which should be stricken pursuant to Fed. R. Crim P. 7(d), and unconstitutionally amends 21 U.S.C. § 846 by adding elements to the conspiracy offense, and that the identification of the controlled substance constructively amends

1

the indictment.  Defendant Brown requested the court to strike the identity of the controlled substance from the indictment. The government filed its opposition by letter dated February 24, 2009.  (Doc. No. 276.)  After considering the parties' submissions the court denied defendant's motion on February 26, 2009. (Doc. No. 285.)

In his motion for reconsideration filed on March 2, 2009, the defendant sets forth substantively identical arguments contained in his prior motion.  "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can identify controlling decisions or data that the court overlooked – matters . . . that may reasonably be expected to alter the conclusion reached by the district court."  Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).  See United States v. Basciano, 05-cr-060 (NGG), 2009 U.S. Dist. Lexis 3518, *2 (E.D.N.Y. Jan. 20, 2009) ("'when deciding motions for reconsideration in criminal matters, courts in this district have resolved such motions according to the same principles that apply in the civil context'"); United States v. Morrison, 04-cr-699 (DRH), 2007 U.S. Dist. Lexis 90393, *3-4 (E.D.N.Y. Dec. 7, 2007).  By merely reiterating the same arguments previously rejected by the court, and failing to cite any authority the court overlooked which could reasonably be expected to alter the

2

court's conclusion, Brown fails to meet this strict standard.

As a result, Brown's motion for reconsideration is denied.

**SO ORDERED.**

Dated: March 4, 2009
       Brooklyn, New York

                                   _____   /s/_____
                                   KIYO A. MATSUMOTO
                                   United States District Judge
                                   Eastern District of New York