UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA

   -against-                              <u>MEMORANDUM & ORDER</u>

MICHAEL BROWN and                        07-CR-874 (KAM)
TYQUAN MIDYETT,

               Defendants.

----------------------------------X

MATSUMOTO, United States District Judge:

       Defendants Michael Brown and Tyquan Midyett are

charged in a February 2009 superseding indictment ("Indictment")

with conspiring, between May 2006 and December 2007, to

distribute and possess with intent to distribute cocaine base in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 846

(Count 1); distributing and possessing with intent to distribute

cocaine base in violation of 21 U.S.C. §§ 841(a)(1), in, on and

within 1,000 feet of (a) the real property comprising a private

elementary and secondary school, and (b) the real property

comprising a housing facility owned by a public housing

authority in violation of 21 U.S.C. § 860(a) (Counts 2-5 & 10);

Midyett is charged with possessing a firearm after having

previously been convicted of a crime punishable by a term of

imprisonment exceeding one year in violation of 18 U.S.C. §§

922(g)(1), 924(a)(2) (Count 11); and Brown is charged with

using, carrying and/or possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) & (2) (Count 6).

By letter dated February 11, 2009, the government provided notice pursuant to Federal Rule of Evidence 609(a) and (b) that it intended to cross-examine Midyett on the basis of his 2001 conviction for criminal possession of a controlled substance in the third degree;[1] and to cross-examine Brown on the basis of (1) his 1997 conviction for criminal possession of a weapon; and (2) his 1999 conviction for criminal contempt. (Dkt. 242, Government's Letter Notice to Cross-Examine Defendants Pursuant to Federal Rule of Evidence 609(a) & (b) ("Gov. Notice"), dated February 11, 2009, at p. 1.)

Pending before this court is Brown's motion *in limine* to preclude the government from cross-examining Brown under Rule 609(a) and (b) with regard to Brown's 1997 conviction for criminal possession of a weapon and 1999 conviction for criminal contempt. (Dkt. 256, Brown's Motion *in Limine* to Preclude the

---

[1]        In its February 11, 2009 letter, the government characterizes Midyett's 2001 conviction as a conviction for drug distribution. However, as set forth in the government's July 8, 2008 motion *in limine* to introduce certain evidence pursuant to Federal Rule of Evidence 404(b) and/or as direct evidence of the charged crimes, the government stated that Midyett's March 7, 2001 conviction was for criminal possession of a controlled substance in the third degree for which Midyett was sentenced to one to three years in prison. (Dkt. 95, Government's Letter Motion to Introduce Evidence Pursuant to Rule 404(b) ("Gov. 404(b) Letter"), dated July 8, 2008, at pp. 1-3.)

Cross-Examination of Brown Regarding Prior Convictions ("Brown Mot."), dated February 16, 2009, at p. 1.)  Midyett did not respond or file any motion regarding the government's Rule 609 notice.  After consideration of the parties' submission and for the reasons set forth herein, Brown's motion is granted in part and denied in part, and the court *sua sponte* limits the government's cross-examination of Midyett on the basis of his March 7, 2001 conviction.

## I.  BACKGROUND

The court assumes the parties' familiarity with the underlying facts of the instant case.  *See United States v. Brown,* No. 07-cr-874, 2009 U.S. Dist. LEXIS 7777 (E.D.N.Y. Feb. 3, 2009); *United States v. Midyett,* No. 07-cr-874, 2009 U.S. Dist. LEXIS 8865 (E.D.N.Y. Feb. 6, 2009); *United States v. Midyett*, No. 07-cr-874, 2009 U.S. Dist. LEXIS 13326 (E.D.N.Y. Feb. 22, 2009).  Accordingly, the court provides only a brief recitation of the facts pertinent to the instant motion.

The charges in the Indictment stem from Brown and Midyett's alleged participation in a conspiracy to sell crack cocaine in and around the Marcy Houses, a public housing complex run by the New York City Housing Authority in the Bedford-Stuyvesant neighborhood in Brooklyn, New York, beginning in or

around May 2006 and terminating in or around December 2007.[2]
(Indictment, Count 1.)  The government intends to prove at
trial, along with other facts, that (1) Brown participated in
several crack cocaine transactions as part of the alleged
conspiracy, including on December 7 and 12, 2006; (2) Midyett
participated in several crack cocaine transactions as part of
the alleged conspiracy, including on December 7, 2006 and
December 10, 2007; (3) during a narcotics transaction, Midyett
showed a confidential informant a gun on July 3, 2007; (4)
Midyett and Brown were arrested on January 9, 2007 during a
search of Brown's apartment at Apartment 2A, 125 Nostrand
Avenue, from which officers seized 60-70 vials of crack cocaine
and a .22 caliber revolver; from outside the apartment, officers
also recovered additional vials of crack cocaine in a ziploc-
style bag, which allegedly had been thrown from Brown's bathroom
window.  (Dkt. 203, Government's Reply in Support of Motion to
Introduce Evidence Pursuant to Rule 404(b), dated December 15,
2008, at p. 3; dkt. 224, Government's Sur-Reply in Support of
Motion to Introduce Evidence Pursuant to Rule 404(b), dated

---

[2]        Although the government's moving and supporting papers
set forth the term of the conspiracy as extending between May
2006 and November 2007, the Indictment extends the period of the
conspiracy as continuing from May 2006 through December 2007.
(*See* Gov. Mem. at p. 6; Reply at p. 17; Indictment, Count 1.)
Accordingly, the court accepts for purposes of deciding the
instant motion, the Indictment's charge that the alleged
conspiracy existed between May 2006 and December 2007.

January 12, 2009, at p. 2); *Brown,* 2009 U.S. Dist. LEXIS 7777, at *2, *10-31; *Midyett,* 2009 U.S. Dist. LEXIS 8865, at *13, *15.

Based on this and other evidence, Brown has been indicted for (1) one count of participation in a drug conspiracy to distribute and possess a controlled substance (Indictment, Count 1); (2) three counts of drug distribution near a school and public housing facility on December 7 & 12, 2006 and January 9, 2007 (*id.*, Counts 3-5); and (3) one count of using and carrying a firearm on January 9, 2007 in relation to the January 9, 2007 drug distribution offense (*id.*, Count 6). Midyett has also been indicted for (1) one count of participation in a drug conspiracy to distribute and possess a controlled substance (*id.*, Count 1); (2) three counts of drug distribution near a school and public housing facility on December 7, 2006, and January 9 and December 10, 2007 (*id.*, Counts 5, 10); and (3) one count of possessing a firearm after having been previously convicted of a felony (*id.*, Count 11.)

In the instant motion, Brown seeks to preclude the government from cross-examining Brown, pursuant to Rules 609(a) and 609(b), with respect to Brown's 1997 conviction for criminal possession of a weapon in the third degree and Brown's 1999 conviction for criminal contempt in the first degree.

In or around February 1997, Brown was arrested for criminal possession of a weapon in the third degree in violation

of New York Penal Law Section 265.02(4), subsequently pleaded guilty, and was sentenced on July 22, 1997 to one year in prison.  (Brown Mot. at p. 1.)  Accordingly, assuming that Brown was remanded after his arraignment, throughout the trial and up to the date of his sentencing, and that he served the full year, the latest date on which Brown would have been released for this conviction is July 22, 1998.

On July 1, 1999, Brown pleaded guilty to criminal contempt in the first degree in violation of New York Penal Law Section 215.51(b) for violating an order of protection by threatening the protected person with an "ice pick."  (Brown Mot. at p. 3; Government's Response in Opposition to Brown's Motion to Preclude ("Gov. Response"), dated February 20, 2009, at p. 2.)  The court sentenced Brown to a term of 18 months to three years; Brown was released on September 11, 2000.

In or around November 30, 2000, Midyett was arrested at 125 Nostrand Avenue.  (Gov. 404(b) Letter, at p. 3.)  Upon a search of Midyett's person subsequent to his arrest, Midyett was found to be in possession of sixty vials of crack cocaine. (*Id.*)  On March 7, 2001, Midyett pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced to one to three years imprisonment.  (*Id.*)

## II.  DISCUSSION

### A. MOTION *IN LIMINE*

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l. Union Fire Ins. Co. v. L.E. Myers Co. Group,* 937 F. Supp. 276, 283 (S.D.N.Y. 1996). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See also Baxter Diagnostics, Inc. v. Novatek Med., Inc.,* No. 94-cv-5520, 1998 U.S. Dist. LEXIS 15093, at *11 (S.D.N.Y. Sept. 25, 1998). Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See Nat'l. Union Fire Ins. Co.,* 937 F. Supp. at 287. Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected.]" *Luce*, 469 U.S. at 41.

## B. STANDARD FOR ADMISSIBILITY OF PRIOR CONVICTIONS DURING CROSS-EXAMINATION OF A DEFENDANT UNDER FEDERAL RULES OF EVIDENCE 609(a) AND 609(b).

Federal Rule of Evidence 609(a)(1) provides in relevant part:

> For the purpose of attacking the character for truthfulness of a witness, . . . evidence that an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year under the law under which the accused was convicted] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused;

Fed. R. Evid. 609(a)(1).[3]

In weighing the probative value of the evidence of the prior conviction against its prejudicial effect, courts in this Circuit consider the following factors: "[1] the impeachment value of the prior crimes, [2] the date of the conviction and the Defendant's subsequent history, [3] the degree of similarity between the past crimes and this crime, [4] the centrality of the Defendant's credibility in this case, and [5] the importance of the Defendant's testimony." *United States v. Jenkins*, No.

---

[3]    Although Brown was sentenced to one year for his July 22, 1997 gun possession conviction, "the minimal lawful sentence for the crime of criminal possession of a weapon in the third degree" is a "sentence of 1 to 3 years." *People v. Wilmot*, 617 N.Y.S.2d 882, 883 (2d Dep't 1994); *see also People v. Capra*, 798 N.Y.S.2d 791, 791-92 (3d Dep't 2005). Accordingly, Brown's July 1997 conviction qualifies as a crime "punishable . . . by imprisonment in excess of one year" as prescribed by Rule 609(a).

02-cr-1384, 2003 U.S. Dist. LEXIS 7774, at *4 (S.D.N.Y. May 8, 2003); *see United States v. Hawley,* 554 F.2d 50, 53 n.5 (2d Cir. 1977) (citing 3 JUDGE JACK B. WEINSTEIN & MARGARET A. BERGER, EVIDENCE, ¶ 609[03] at pp. 609-68 to 609-74 (1975)); *United States v. Burr*, No. 83-cr-446-7, 1984 U.S. Dist. LEXIS 18331, at *10-11 (S.D.N.Y. Mar. 23, 1984); *see also Daniels v. Loizzo,* 986 F. Supp. 245, 249-50 (S.D.N.Y. 1997) (citing *United States v. Hayes*, 553 F.2d 824 (2d Cir. 1977)). Although all of these factors are relevant, "[p]rime among them is [the first factor, *i.e.*] whether the crime, by its nature, is probative of a lack of *veracity*." *Ortiz*, 553 F.2d at 784 (emphasis added).

When a court finds that the evidence's probative value outweighs its prejudicial effect, the court may admit evidence of the prior conviction for purposes of impeachment. In introducing evidence of the prior conviction, however, the impeaching party, here, the government, "is generally limited to establishing the bare [or essential] facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence." 4 JUDGE JACK B. WEINSTEIN & MARGARET A. BERGER, EVIDENCE, § 609.20[2] at p. 609-57 (2d ed. 2008); *see United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005) ("Rule 609(a)(1) thus contemplates that district courts will admit evidence of the nature of a witness's prior felony convictions, including the

statutory name of the offense, the date of conviction, and the sentence imposed, subject to Rule 403.")

In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense. *Id.* at 616; *United States v. Joe*, No. 07-cr-734, 2008 U.S. Dist. LEXIS 55036, at *9-10 (S.D.N.Y. Jul. 21, 2008) (restricting the government to inquire about the date of the prior felony conviction and the sentence imposed and precluding the government from "inquir[ing] into the statutory name of the offense or the facts underlying the conviction . . . .")  And at least one case in this Circuit appears to stand for the proposition that a trial court may also exclude evidence of the length of the sentence when its probative value is outweighed by its prejudicial effect. *Giles v. Rhodes*, No. 94-cv-6385, 2000 U.S. Dist. LEXIS 13980, at *40-41 (S.D.N.Y. Sept. 26, 2000) (excluding evidence of the length of the sentence imposed for a prior felony conviction, as well as the fact of the conviction itself, as the impeaching party had failed to explain how the length of the sentence had "any impeachment value at all" and the risk for unfair prejudice was great because the term of the sentence was so long that the jury could infer that the witness "must have committed a serious and possibly violent crime"); *see also Giles v. Rhodes ("Giles II")*, No. 94-cv-6385, 2000 U.S.

Dist. LEXIS 14926, at *3-5 (S.D.N.Y. Oct. 4, 2000) (admitting evidence of the fact that a witness was convicted of a felony and was sentenced to more than one year in prison, but upholding earlier ruling that the details "and circumstances of [the witness's] conviction and length of his sentence [still] pose[d] a danger of unfairly prejudicing the jury . . . and [still] carr[ied] little probative value"); *but cf.* 4 WEINSTEIN, *supra* p. 9, at § 609[2] at 609-60. Before excluding evidence of the statutory name of the crime and/or the length of the sentence, however, the district court "must undertake an individualized balancing analysis under Rule 609(a)(1)" of probative value versus prejudicial effect. *Estrada*, 430 F.3d at 616; *see, e.g., Giles*, 2000 U.S. Dist. LEXIS 13980, at *40; *Joe*, 2008 U.S. Dist. LEXIS 55036, at *9-10.

For convictions ten years or older, Federal Rule of Evidence 609(b) requires that "the probative value of the [prior] conviction supported by *specific facts and circumstances substantially outweighs* its prejudicial effect" before evidence of the conviction is admitted for impeachment purposes.[4] Fed. R.

---

[4]     Rule 609(b) provides in relevant part:

Evidence of a conviction under this rule is
not admissible if a period of more than ten
years has elapsed since the date of the
conviction or of the release of the witness
from the confinement imposed for that
conviction, whichever is the later date,

Evid. 609(b) (emphasis added).  Although the factors considered

in balancing the evidence's probative value against its

prejudicial effect are the same as those considered under Rule

609(a), the heightened standard of Rule 609(b) requires that the

evidence has a greater probative value than that required under

Rule 609(a).  4 WEINSTEIN, *supra* p. 9, at § 609.06[1] at 609-46

46.3 (The "balancing test [under Rule 609(b)] is . . . more

stringent than the test used [under Rule 609(a)(1)] . . . ");

*see, e.g., Zinman v. Black & Decker (U.S.), Inc.,* 983 F.2d 431,

434-35 (2d Cir. 1993).  Accordingly, under Rule 609(b),

"convictions over 10 years old [should] be admitted very rarely

and only in exceptional circumstances," as "convictions over ten

years old generally do not have much probative value."  Fed. R.

Evid. 609(b) advisory committee's note; *see* 4 WEINSTEIN, *supra* p.

9, at § 609.06[1] at pp. 609-46 to 609-46.3.  And courts

reviewing the admission of convictions under Rule 609(b), must

"'make an *on-the-record finding* based on *specific facts and*

*circumstances* that the probative value of the evidence

*substantially outweighs* the danger of unfair prejudice.'"  *Jones*

---

> unless the court determines, in the
> interests of justice, that the probative
> value of the conviction supported by
> *specific facts and circumstances*
> *substantially outweighs* its prejudicial
> effect.

Fed. R. Evid. 609(b) (emphasis added).

*v. N.Y. City Health & Hosps. Corp.*, 102 Fed. Appx. 223, 226 (2d Cir. 2004) (emphasis added) (quoting *United States v. Mahler*, 579 F.2d 730, 734 (2d Cir. 1978)).

### C. ADMISSIBILITY OF BROWN'S 1997 CONVICTION FOR CRIMINAL POSSESSION OF A WEAPON DURING THE GOVERNMENT'S CROSS-EXAMINATION OF BROWN UNDER RULE 609(a) AND 609(b).

Brown's defense counsel seeks to preclude the government's cross-examination of Brown with respect to his July 22, 1997 conviction for criminal possession of a weapon in the third degree under Rule 609(a) and (b). As Brown was sentenced for criminal possession of a weapon in the third degree on July 22, 1997, the latest possible date on which Brown could have been released for this conviction is on or around July 22, 1998. Thus, as of March 2, 2009, the first day of trial in the underlying action, Brown's conviction for criminal possession was more than ten years old. Consequently, its admissibility is subject to the "more stringent" balancing test required under Rule 609(b). *See Mahler*, 579 F.2d at 734; *see also United States v. Reed*, 572 F.2d 412, 426 (2d Cir. 1978).

In applying the more stringent five-factor balancing test, the court first recognizes that the impeachment value of the July 22, 1997 conviction for gun possession is very low. "Illegally possessing a firearm is not an example of prior untruthfulness nor is it a crime of deception, and such a conviction does not offer insight into how credible a witness .

13

. . would be." *United States v. Agostini*, 280 F. Supp. 2d 260,
262 (S.D.N.Y. 2003); *Joe*, 2008 U.S. Dist. LEXIS 55036, at *10
(courts have found that prior convictions for gun possession are
"not very probative of an untruthful character" as they do not
"'rest on dishonest conduct.'") (quoting *Estrada*, 430 F.3d at
617-18). Second, with respect to the date of the conviction, as
discussed above, due to the fact that the July 22, 1997
conviction is more than ten years old, its probative value is
considered so minimal that such convictions are subject to the
more stringent balancing test under Rule 609(b).

In assessing the third factor, the degree of
similarity between the past and charged offense, and despite the
government's assertions to the contrary (Gov. Response, at p.
2), similarity of past and present offenses weighs heavily
*against* the use of prior criminal convictions for impeachment
purposes. 4 WEINSTEIN, *supra* p. 9, at § 609.05[3][d] at 609-41 to
42. The danger of unfair prejudice is particularly present
where, as here, the prior conviction for gun possession
"involves precisely the same activity as the [present offense]"
(Gov. Response, at p. 2). *Joe,* 2008 U.S. Dist. LEXIS 55036, at
*11 ("prior conviction for firearms possession [was] nearly
identical to the conduct charged . . . .") The similarity
between Brown's July 22, 1997 conviction and the gun possession
offense for which Brown is presently charged (Indictment, Count

6) creates a high risk of unfair prejudice as "the jury may infer unfairly that [Brown] has a propensity to commit firearms offenses." *Joe,* 2008 U.S. Dist. LEXIS 55036, at *11.

With respect to the fourth factor, the centrality of the defendant's credibility, the government contends that, if Brown testifies, his credibility will be a central issue with regard to the offenses charged against him. Even if Brown's credibility is a central issue in the instant case, however, the July 22, 1997 conviction is not necessary to impeach Brown's credibility. As discussed *infra,* the court will permit the government to inquire about the fact of Brown's July 1, 1999 conviction and the sentence imposed for that conviction. Thus, the government should be able to sufficiently attack the veracity of Brown's testimony with the fact that Brown had previously been convicted of a felony as recently as July 1, 1999 without needing to inquire into Brown's older July 22, 1997 conviction. The court will not permit the government to resort to a "piling on" effect by introducing Brown's older (July 22, 1997) conviction. *See Loizzo,* 986 F. Supp. at 252; *see* Fed. R. Evid. 403 ("evidence may be excluded if its probative value is substantially outweighed by the . . . needless presentation of cumulative evidence.")

The court finds that, based on the current record, it is unable to consider the fifth factor, "'the importance to

[defendant's] defense of having him testify free from the prejudice which might be created by reference to [the prior conviction]" (the "importance of testimony" factor).[5] *United States v. Washington*, 746 F.2d 104, 106 (2d Cir. 1984) (quoting *United States v. Costa*, 425 F.2d 950, 954 (2d Cir. 1969), *cert. denied*, 398 U.S. 938 (1979)). In the instant case, however, as discussed *infra*, the "importance of testimony" factor is necessarily outweighed by the risk of misleading the jury and the court's interest in preserving basic concepts of fairness; interests which would be obviated if the government was precluded from introducing *any* evidence of either of Brown's prior convictions.

Based on the foregoing considerations, factors one through four all weigh against the admission of Brown's July 22, 1997 conviction under Rule 609(b). Moreover, even under the more lenient Rule 609(a) balancing test, courts have found that the minimal probative value of a prior conviction for gun possession is far outweighed by its potential for unfair

---

[5]     The court notes that the government misconstrues the "importance of testimony" factor. (*See* Gov. Response, at p.2) In its papers, the government appears to assert that the importance of Brown's potential testimony to the defense's case (as "he would be the only defense witness providing exculpatory evidence") favors admissibility of both of Brown's convictions. This is an incorrect interpretation of the "importance of testimony" factor. Indeed, as discussed *infra*, the more important Brown's potential testimony to his defense, the more it weighs *against* the admissibility of his prior convictions. *See* 4 WEINSTEIN, *supra* p. 9, at § 609.05[3][e] at p. 609-43.

prejudice.  *See Joe,* 2008 U.S. Dist. LEXIS 55036, at \*11;

*Agostini*, 280 F. Supp. 2d at 262 ("knowledge of the Conviction

could potentially prejudice the jurors against [the witness],

causing them to evaluate his worth as a witness based on his

status as a convicted felon regardless of the actual relevance

of the Conviction.")  Accordingly, the court finds that Brown's

July 22, 1997 conviction for gun possession does not present the

"exceptional circumstances" warranting admission of a conviction

over ten years old under Rule 609(b) because the conviction does

not substantially bear on the credibility of the witness (*see*

Fed. R. Evid. 609(b), advisory committee's note)*,* and thus,

grants Brown's motion to preclude the government from cross-

examining Brown on the basis of the July 22, 1997 conviction.

**D. ADMISSIBILITY OF BROWN'S 1999 CONVICTION**
**FOR CRIMINAL CONTEMPT DURING THE GOVERNMENT'S**
**CROSS-EXAMINATION OF BROWN UNDER RULE 609(a).**

Brown also seeks to preclude the government from

cross-examining Brown with respect to his July 1, 1999

conviction for criminal contempt in the first degree, contending

that the July 1, 1999 conviction is (1) too remote in time; and

(2) not probative of credibility as it did not involve a crime

involving untruthfulness or falsification.  (Brown Mot., at p.

3.)

First, the date of Brown's July 1, 1999 conviction

raises no admissibility concerns under Rule 609(b) because Brown

17

served his sentence and was released on September 11, 2000.
(Gov. Response, at p. 2.) As of March 2, 2009, the date the
trial commenced, the July 1, 1999 conviction was eight years and
five months old, well within the ten years prescribed by Rule
609(b). As "clearly state[d]" in Rule 609, "a felony conviction
less than ten years old is probative of credibility and is
admissible for impeachment purposes if the probative value
outweighs the prejudicial effect to the defendant." *Washington*,
746 F.2d at 106. The court notes, however, that the "age of a
prior conviction does reflect somewhat on its value as an index
of defendant's current credibility." *Id.* (citing *United States
v. Figueroa,* 618 F.2d 934, 942 (2d Cir. 1980)); *see Hayes,* 553
F.2d at 828 ("convictions have more probative value as they
become more recent"). Although Brown's July 1, 1999 conviction
is eight and a half years old, thereby decreasing its probative
value, the date of the conviction, on its own, is not sufficient
to preclude evidence of the July 1, 1999 conviction. Moreover,
if admitted, the jury may properly consider the date of the
conviction in determining whether Brown's July 1, 1999
conviction impeaches Brown's credibility.

The court agrees with Brown that the July 1, 1999
conviction for criminal contempt is low on the impeachment value
scale as a crime not, "by its nature, . . . probative . . . of
veracity" or credibility. *Ortiz*, 553 F.2d at 784. Brown was

convicted on July 1, 1999 of criminal contempt in the first

degree for violating an order of protection by threatening the

protected person with an ice pick.  (Brown Mot. at p.3; Gov.

Response, at p. 2.)  Whether the crime underlying Brown's July

1, 1999 conviction is characterized as a crime of contempt

(because Brown violated an order of protection) or a crime of

violence (because Brown threatened the protected person with an

ice pick), neither crime is probative of credibility.  Indeed,

violating an order of protection where the person proscribed by

the order "did not take an oath to obey the order" "is not, on

its face, probative of credibility such as those convictions for

perjury, criminal fraud, and embezzlement."  *United States v.

Khalil*, No. 05-cr-0573, 2005 U.S. App. LEXIS 25426, at *5-6 (2d

Cir. Nov. 22, 2005).

Further, characterizing the July 1, 1999 conviction as

one involving a violent crime does not improve its prospects for

admissibility.  "[C]onvictions which rest on . . . violent or

assaultive crimes generally do not" relate to credibility.

*Estrada*, 430 F.3d at 618 (quotations omitted); *Munafo v. Metro.

Transp. Auth.*, Nos. 98-cv-4572, 00-cv-0134, 2003 U.S. Dist.

LEXIS 13495, at *76 (E.D.N.Y. Jan. 22, 2003) ("General acts of

violence or threats are simply not probative of an individual's

credibility") (discussing admissibility of other bad acts under

Fed. R. Evid. 608(b)).  Moreover, acts of violence resulting

from "a short temper, a combative nature, extreme provocation, or other causes" not tending to demonstrate premeditation "generally have little or no direct bearing on honesty and veracity." *Estrada*, 430 F.3d at *617-18 (quotations omitted). Here, the fact that Brown threatened someone with an ice pick, most likely a weapon of convenience, indicates that the act was more reactionary than planned. Thus, Brown's threat of violence, which led to his July 1, 1999 conviction ranks low "on the scale on probative worth of credibility." *Id.* at 618.

With respect to the third factor, the government again undermines its position by asserting that the crime underlying Brown's July 1, 1999 conviction is similar to the current firearm offense charged against Brown because the offenses involved a weapon. (Gov. Response, at p. 2.) As set forth above, similarity of past and present offenses weighs heavily against the admissibility of the prior criminal conviction because it poses a greater danger for unfair prejudice. *See* 4 Weinstein, *supra* p. 9, at § 609.05[3][d] at pp. 609-41 to 609-42; *see Joe,* 2008 U.S. Dist. LEXIS 55036, at *11. Evidence of Brown's July 1, 1999 conviction may improperly lead a jury to infer that Brown has a propensity for carrying weapons and committing violent acts and thus, convict Brown on the basis of that inference as opposed to the evidence proffered to prove the

elements of the charged crime. *See Joe,* 2008 U.S. Dist. LEXIS
55036, at *11.

Moreover, the court finds that evidence of the crime
underlying the July 1, 1999 conviction is highly prejudicial in
its own right. The fact that Brown threatened another person
with an ice pick may unfairly prejudice the jury as they may
infer that Brown is simply just a "bad person." *See Estrada*,
430 F.3d at 618 ("noting that for particularly depraved and
offensive acts, such as wanton violence or sexual immorality,
the jury is likely to draw the prejudicial inference that the
witness is a bad person") (quotations omitted); *see also*
*Livingston v. Lee*, No. 9:04-cv-00607, 2007 U.S. Dist. LEXIS
79578, at *3-4 (N.D.N.Y. Oct. 26, 2007). Finally, the already
high risk for unfair prejudice is only enhanced by the fact that
permitting the government to introduce evidence of Brown's July
1, 1999 conviction could "result in a side trial on the
circumstances" of the offense. *Khalil*, 2005 U.S. App. LEXIS
25426, at *6. There is a substantial likelihood that evidence
introduced during such a side trial would be even more
prejudicial than the "essential facts" underlying Brown's July
1, 1999 conviction.

Next, the government contends that, if Brown
testifies, his credibility will be a central issue with regard
to the charges against him in the instant case. (Gov. Response,

at p. 2.)  The court agrees.  If Brown were to testify, the court can only presume that he would deny the evidence offered by the government in its case-in-chief and offer a radically different version of events than those offered by the government's witnesses, including cooperating witnesses, confidential informants, federal agents, and police officers. *United States v. Pagan*, 721 F.2d 24, 31 (2d Cir. 1983) ("The resolution of the credibility of these two witnesses and their radically different testimony was the central task of the jury"); *United States v. Rodriguez*, 539 F. Supp. 2d 592, 596 (D. Conn. 2008); *Loizzo,* 986 F. Supp. at 251.  Moreover, to the extent that one of the government's witnesses has a felony conviction, his or her conviction will most likely be exploited by the defense for impeachment purposes during cross-examination.  In such a circumstance, the Second Circuit has found that to "allow[] [the defendant], if he [chooses] to take the stand, to appear 'pristine' would . . . [be] unfair and misleading to the jury."  *Ortiz*, 553 F.2d at 785.[6]  In other

---

[6]         However, the court does not believe, as the government suggests, that this "case [has been or could be] narrowed to the credibility of two persons – the accused and his accuser . . . ."  *Ortiz*, 553 F.2d at 785.  Unlike *Ortiz*, where the government's only eye-witness had an extensive criminal record, the government in the instant case intends to present a parade of witnesses to prove its case and introduce audio and video-tape of confidential informants, defendants and alleged co-conspirators engaged in criminal activity, as well as physical evidence seized during the search of Brown's apartment.

words, where the government's key witnesses will most likely be impeached by defense counsel on the basis of prior criminal convictions, the importance to Brown's defense of having him testify free from the prejudice which might be created in reference to the July 1, 1999 conviction is outweighed by the potential for misleading the jury and the interest in preserving basic concepts of fairness. *See Washington*, 746 F.2d at 106.

Nevertheless, considering the low probative value of the evidence of the crime underlying the July 1, 1999 conviction, *i.e.*, criminal contempt for threatening someone with an ice pick, as opposed to the very high risk for prejudice presented by such evidence, the court is reluctant to permit the government to introduce all of the "essential facts" of the July 1, 1999 conviction, including the crime's statutory name and any other details of the underlying criminal contempt offense. On the other hand, the court acknowledges that, if Brown testifies, Brown's credibility will certainly be a central issue in the instant case. Thus, the government should be allowed to introduce evidence of Brown's prior felony conviction when the

---

Moreover, some of the witnesses will be federal agents and police officers whose credibility is generally less reproachable than that of a witness with an "extensive criminal record." *See id.* Accordingly, the court declines to conclude that the present situation presents a "compelling reason for exploring *all avenues* which would shed light on which of the two witnesses [is] to be believed." *Id.* (emphasis added).

defense will likely attempt to impeach the government's witnesses on the basis of their prior felony convictions. Accordingly, the court finds that the fact of Brown's July 1, 1999 felony conviction, its date, and the sentence[7] imposed is probative, albeit minimally, of Brown's credibility and may be introduced by the government under Rule 609(a) to impeach Brown's credibility during cross-examination. *See Joe*, 2008 U.S. Dist. LEXIS 55036, at *10. The court, however, precludes the government from introducing evidence regarding the statutory name or any other details of the criminal contempt offense underlying the July 1, 1999 conviction because the probative value of such evidence is far outweighed by the potential for unfair prejudice. *See Estrada*, 430 F.3d at 616; *Joe*, 2008 U.S. Dist. LEXIS 55036, at *9-10; *Giles II*, 2000 U.S. Dist. LEXIS 14926, at *3-5.

### E. ADMISSIBILITY OF MIDYETT'S 2001 CONVICTION FOR CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE DURING THE GOVERNMENT'S CROSS-EXAMINATION OF MIDYETT UNDER RULE 609(a).

Midyett has not independently submitted a motion to preclude the government from cross-examining him on the basis of his March 7, 2001 conviction under Rule 609(a) and (b), nor has

---

[7]     The court finds that the term of the sentence, 18 to 36 months, is not so long that it presents the risk that the jury will improperly infer that the crime was a "serious and possibly [] violent crime" and unfairly prejudice the jury against Brown. *See Giles,* 2000 U.S. Dist. LEXIS 13980, at *41; *Giles II,* 2000 U.S. Dist. LEXIS 14926, at *3-5.

he submitted any response to the government's Rule 609 notice. Midyett requested permission to "join in those motions filed by Michael Brown which may be applicable to [Midyett] under the present indictment." (Dkt. 185, Midyett's Response In Opposition to the Government's Motion to Introduce Evidence Pursuant to Rule 404(b), dated December 1, 2008, at p. 6.) The court subsequently granted Midyett's request to join in Brown's motions on February 21, 2009 "to the extent that [1] Midyett identifie[d] the motions he [sought] to join" and [2] the motions were relevant to the offenses charged against Midyett. (Dkt. 269, Order Denying Midyett's Motion to Sever, dated February 21, 2009, at pp. 8-9.)

Midyett, however, never indicated that he sought to join Brown's motion to preclude the government from cross-examining Brown on the basis of prior convictions under Rule 609. Nor is a motion pertaining to the government's cross-examination of Brown under Rule 609 relevant to charges against Midyett or Midyett's defense. Indeed, the prior convictions at issue in Brown's motion to preclude concern gun possession and violation of a protective order whereas the prior conviction for which the government intends to cross-examine Midyett concerns drug possession. Nevertheless, because the court's consideration may assist Midyett with formulating his defense strategy, the court will, *sua sponte*, consider whether the

government may, for purposes of impeachment under Rule 609(a),
cross-examine Midyett about his March 7, 2001 conviction for
criminal possession of a controlled substance in the third
degree.

At the outset, the court notes that the March 7, 2001
conviction is the conviction on which the July 3, 2007 felon-in-
possession charge (Indictment, Count 11) is premised.  Thus, the
fact of the March 7, 2001 conviction and the sentence imposed,
one to three years, without any reference to the statutory name
or any other details of the crime for which Midyett was
convicted, are admissible as elements of the July 3, 2007 felon-
in-possession offense.  *See United States v. James*, No. 3:02-cr-
00334, 2004 U.S. Dist. LEXIS 427, at *4 (D. Conn. Jan. 7, 2004).
Indeed, the parties have notified the court of their intention
to stipulate to Midyett's prior March 7, 2001 conviction.

As noted above, however, in the Second Circuit, it is
within a trial court's discretion to exclude the statutory name
of the crime underlying a prior conviction.  Accordingly, the
court weighs the probative value of the statutory name of the
prior offense, *i.e.* criminal possession of a controlled
substance in the third degree, against the potential for unfair
prejudice.[8]

---

[8]     The court notes that, under Rule 609(a), the
government "is generally limited to establishing the bare [or

In assessing the first factor, the court finds that drug possession in the third degree has little bearing on the veracity of Brown as a witness and thus, ranks fairly low on the impeachment value scale. *See Hayes*, 553 F.3d at 828 ("The conviction here[, drug smuggling,] has more probative value on credibility than, for example, a conviction for *mere narcotics possession*, or for a violent crime.") (emphasis added); *United States v. Whitley*, No. 04-cr-1381, 2005 U.S. Dist. LEXIS 18788, at *10 n.2 (S.D.N.Y. Aug. 31, 2005) ("To the extent that the Government's motion is addressed to [defendant's] conviction for narcotics possession rather than sale, the rationale of *Ortiz* does not apply and the prior conviction has little probative value on the matter of truthfulness. . . . [E]vidence of the prior conviction for narcotics possession is not admissible under Rules 609 and 403.") (citation omitted); *Haynes v. Kanaitis*, No. 3:99-cv-2551, 2004 U.S. Dist. LEXIS 5527, at *9 (D. Conn. Mar. 3, 2004) (the prior crime's "probative value as to credibility is not significant as it involves only possession of narcotics."); *see also United States v. Puco*, 453 F.2d 539,

---

essential] facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence." 4 JUDGE JACK B. WEINSTEIN & MARGARET A. BERGER, EVIDENCE, § 609.20[2] at p. 609-57 (2d ed. 2008); *see Estrada*, 430 F.3d at 617. Accordingly, the underlying evidence relating to Midyett's November 30, 2000 arrest, which resulted in his March 7, 2001 conviction, is not admissible under Rule 609(a) for impeachment purposes, and thus, will not be addressed here.

543 (2d Cir. 1971) ("a narcotics conviction has little necessary bearing on the veracity of the accused as a witness.")[9]

Second, as Midyett was convicted for narcotics possession on March 7, 2001, approximately eight years before the first day of trial in the instant case, irrespective of the date that Midyett was released from his sentence, FRE 609(b) does not apply. As noted above, however, the "age of a prior conviction does reflect somewhat on its value as an index of defendant's current credibility." *Washington*, 746 F.2d at 106 (citing *United States v. Figueroa,* 618 F.2d 934, 942 (2d Cir. 1980)); *see Hayes,* 553 F.2d at 828 ("convictions have more

---

[9] The court recognizes that prior narcotics convictions may be used to impeach a defendant under FRE 609(a). *See Puco,* 453 F.2d at 543 ("We do not hold that a prior narcotics conviction can never be used to impeach a defendant.") However, unlike those cases in which the courts in this Circuit have permitted the government to introduce evidence of the defendant's prior narcotics convictions for impeachment purposes under Rule 609(a), Midyett's prior conviction was not for narcotics distribution or sale. *Ortiz,* 553 F.2d at 784 (where the defendant's prior convictions were for the sale of heroin, "the District Judge in his discretion was entitled to recognize that a narcotics trafficker lives a life of secrecy and dissembling in the course of that activity, being prepared to say whatever is required by the demands of the moment, whether the truth or a lie."). Nor was Midyett's prior narcotics conviction for participation in a drug conspiracy. *Loizzo*, 986 F. Supp. at 250 ("The drug conspiracy conviction ranks relatively high on the scale of veracity-related crimes.") Rather, as noted above, Midyett's March 7, 2001 conviction for narcotics possession falls near the bottom of the impeachment value scale for narcotics-related crimes. *See Hayes,* 553 F.2d at 828 n.8 ("In terms of credibility a conviction for sale of narcotics may fall somewhere between a conviction for narcotics smuggling[, which is highly probative of credibility," and one for narcotics possession.")

probative value as they become more recent"). Given the one to three year sentence imposed for his March 7, 2001 conviction, the "age" of the March 7, 2001 conviction could be anywhere from five to seven plus years. The court finds that Midyett's March 7, 2001 conviction is neither so old as to decrease its probative value nor so new as to increase its probative value. Accordingly, if the statutory name of the March 7, 2001 conviction is admitted, the jury may properly consider the date of the conviction in determining whether Midyett's prior conviction for criminal possession successfully impeaches Brown's credibility.

Third, the degree of similarity between Midyett's March 7, 2001 conviction for drug possession and the offenses for which Midyett is now charged, *e.g.*, drug conspiracy and drug distribution (Indictment, Counts 1, 2, 5 & 10), weigh against introducing evidence of the March 7, 2001 conviction. 4 WEINSTEIN, *supra* p. 9, at § 609.05[3][d] at 609-41 to 42. As discussed *supra,* "the potential for prejudice . . . is greatly enhanced where, as here, the prior offense is similar to the one for which the defendant is on trial." *Puco*, 453 F.2d at 542. Although the same crimes are not at issue, the similarity between Midyett's March 7, 2001 conviction to the narcotics offenses charged against him in the Indictment is great enough to create the "inevitable pressure on lay jurors to believe that

"'if he did it before he probably did so this time.'" *Id.*
(citation and quotations omitted.); *cf. Hayes*, 553 F.2d at 828
("Finally, the conviction was for a crime substantially
different from the instant prosecution, so that there was not
here the prejudice to appellant that inevitably results from the
introduction of a conviction for the same crime as that for
which he is on trial.")

Fourth, as with Brown, it is likely that if Midyett
testifies, his credibility will be a central issue in the
instant case. The court can only presume that the primary
purpose of Midyett's testimony would be to rebut the evidence
and testimony offered by the government during its case-in-chief
by offering a different version of events than those offered by
the government's witnesses. *Pagan*, 721 F.2d at 31; *Rodriguez*,
539 F. Supp. 2d at 596; *Loizzo,* 986 F. Supp. at 251. It would
be patently unfair and misleading to the jury to "allow[]
[Midyett], if he [chooses] to take the stand, to appear
'pristine,'" *Ortiz*, 553 F.2d at 785, where at least one of the
of the government's key witnesses has a felony record and the
defense is likely to exploit that fact for impeachment purposes
during cross-examination.[10] Accordingly, the importance to
Midyett's defense of having Midyett testify free from the
prejudice which might be created in reference to his March 7,

---

[10]     *See supra* n. 6.

2001 conviction (the fifth factor) is outweighed by the court's interest in preserving fundamental concepts of fairness and preventing the jury from being misled into believing that Midyett is "pristine," particularly in comparison to some of the government's witnesses. *See Washington*, 746 F.2d at 106.

Any concerns presented by (1) the significance of Midyett's credibility, if he testifies, (2) the likelihood that the defense will impeach at least one of the government's key witnesses with evidence of a prior criminal conviction, and (3) the resulting decline in the importance of permitting Midyett to testify free from the prejudice inferred by his prior convictions can be adequately addressed by permitting the government to impeach Midyett's credibility with the fact of Midyett's March 7, 2001 conviction, its date, and the sentence imposed, which the court has ruled admissible, *supra*, as an element of Midyett's July 3, 2007 felon-in-possession charge. *See Joe*, 2008 U.S. Dist. LEXIS 55036, at *10. As to the statutory name of the March 7, 2001 conviction, the court finds that the low probative value of the conviction's statutory name, *i.e.* criminal possession of a controlled substance in the third degree, is substantially outweighed by the high risk for unfair prejudice if the statutory name is introduced to the jury. Accordingly, although the government may introduce the fact of Midyett's March 7, 2001 conviction, its date, and the sentence

31

imposed to impeach Midyett's credibility (or as an element of
the July 3, 2007 felon-in-possession charge), the government may
not introduce any evidence relating to the statutory name of the
March 7, 2001 conviction or any other details of the narcotics
possession offense underlying Midyett's March 7, 2001
conviction. *See, e.g., Estrada*, 430 F.3d at 616; *Joe*, 2008 U.S.
Dist. LEXIS 55036, at *9-10; *Giles II*, 2000 U.S. Dist. LEXIS
14926, at *3-5.

### III.    CONCLUSION

For the foregoing reasons, (1) the court grants
Brown's motion to preclude the government from cross-examining
Brown with respect to his July 22, 1997 conviction for criminal
possession of a weapon in the third degree.  (2) The court
grants in part Brown's motion to preclude the government from
cross-examining Brown with respect to the statutory name of the
crime underlying his July 1, 1999 conviction for criminal
contempt in the first degree, including any other details not
specifically permitted.  The government may cross-examine Brown
with regard to the fact of the July 1, 1999 conviction, its date
and the sentence imposed.  (3) The court holds that the fact of
Midyett's March 7, 2001 conviction and the sentence imposed is
admissible as elements of the July 3, 2007 felon-in-possession
offense.  The government, however, may not inquire with respect

to the statutory name of, or any other details relating to, Midyett's March 7, 2001 conviction.  Nothing in this decision shall prevent the court from revisiting the admissibility of certain testimony or evidence or the scope of cross-examination as the case unfolds, particularly if the defendants place certain facts or elements at issue.


**SO ORDERED.**

Dated: March 9, 2009
      Brooklyn, New York

                                    _____ /s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York